**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Joseph HELD, Defendant—**
**Appellant.**

No. 05–30013.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 2006.

Decided June 9, 2006.

Frank Noonan, Esq., USPO–Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Nancy Bergeson, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM **

The parties are familiar with the facts, and we do not repeat them here. We review de novo the district court's denial of a suppression motion. *United States v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir.2004). The district court's underlying factual findings are reviewed for clear error. *Id.* We affirm the conviction and remand for possible resentencing.

██ Even assuming that Held was "in custody" for *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), purposes, and was otherwise entitled to *Miranda* warnings, we hold that the questioning of Held was permissible under the public safety exception to the *Miranda* warning requirement. Under the public safety exception *"Miranda* warnings need not be given when 'police officers ask questions reasonably prompted by a concern for the public safety.' " *Allen v. Roe*, 305 F.3d 1046, 1050 (9th Cir.2002) (quoting *New York v. Quarles*, 467 U.S. 649, 656, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984)). Contrary to Held's contentions, the public safety exception is not limited to those situations where public spaces are involved. In *United States v. Martinez*, 406

F.3d 1160, 1162–63, 1165–66 (9th Cir.2005), we applied the public safety exception where police questioned a suspect in his own home about items within the home. There, as here, the questioning was necessary because the police had "an objectively reasonable need to protect the police or the public from [the] immediate danger" presented in responding to a 911 call that advised that one party had allegedly assaulted the other. *Id.* at 1165–66; *Allen*, 305 F.3d at 1050 (quoting *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir. 1994)).

██ In addition, even assuming that Held's consent to search was involuntary, we hold that the search of Held's motel room that produced the gun was permissible under the emergency exception to the Fourth Amendment warrant requirement. Under the emergency exception if the following three grounds are satisfied a warrantless search is permissible:

(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

(2) The search must not be primarily motivated by intent to arrest and seize evidence.

(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*United States v. Stafford*, 416 F.3d 1068, 1073 (9th Cir.2005).

Here, based on the 911 call advising that one man had threatened another with a gun the police had reasonable grounds to believe that an emergency was at hand.

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

622

The 911 call advised that the assailant had come out of room 12 and had retreated into room 12. The police therefore had a reasonable basis to question and search in an area limited to room 12. *See Martinez,* 406 F.3d at 1164.

■ Held was sentenced at a time when the Sentencing Guidelines were mandatory. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that a mandatory Sentencing Guideline regime violates a defendant's Sixth Amendment right to trial by jury). Held's sentence was not based on judicially found facts, but on admissions contained in his conditional guilty plea. In *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc), we held that "when we are faced with an unpreserved *Booker* error that may have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline* did not address "nonconstitutional errors." A nonconstitutional error arises in "a case where the district court did not treat the sentencing guidelines as advisory but the defendant's sentence was not enhanced by extra-verdict findings— such as where there were no sentencing enhancements[.]" *Id.* at 1084 n. 8. This is the type of error present in Held's case. In *United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir.) (as amended), *cert. denied* — U.S. —, 126 S.Ct. 636, 163 L.Ed.2d 515 (2005), we held that "defendants are entitled to limited remands in *all* pending criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional."

Therefore, Held is entitled to a limited remand.

AFFIRMED; LIMITED REMAND FOR POSSIBLE RESENTENCING.